UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S. Kadic et al.,

                Plaintiffs,

      - against -                     1:93-cv-01163-LAP-HBP

Radovan Karadzic,

                Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO RENEW JUDGMENT</u>**

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

Liza M. Velazquez
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
lvelazquez@paulweiss.com

-and-

Catharine A. MacKinnon
625 South State Street
Ann Arbor, Michigan 48109-1215
(313) 747-4046

*Attorneys for Plaintiffs S. Kadic, on her own behalf and on behalf of her infant sons Benjamin and Ognjen, Internacionalna Zena Bosne I Hercegovine, Zene Bosne I. Hercegovine, Nusreta Sivac, S.A., on her own behalf and as administratrix of her mother's estate, J.J., N.S., S. Menkovic, and H. Harambasic*

Plaintiffs S. Kadic, on her own behalf and on behalf of her infant sons Benjamin and Ognjen, Internacionalna Zena Bosne I Hercegovine, Zene Bosne I. Hercegovine, Nusreta Sivac, S.A., on her own behalf and as administratrix of her mother's estate, J.J., N.S., S. Menkovic, and H. Harambasic respectfully move to renew their Judgment dated August 16, 2000, against Defendant Radovan Karadžić.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs commenced this action on March 2, 1993, and filed an amended complaint on December 8, 1997.  Velazquez Decl., ¶ 4.  On June 13, 2000, this Court entered a default judgment on liability against Defendant which established, as a matter of law, that he was liable to Plaintiffs for violations of the Alien Tort Claims and Torture Victim Protection Acts of the United States, arising out of genocidal acts of rape, forced pregnancy, enforced prostitution, other torture, extrajudicial killing, and other violations of international and domestic law and the laws of nations.  *Id.*, ¶ 7.  Following a ten-day trial commencing July 31, 2000, a jury found that Plaintiffs were entitled to compensatory and punitive damages from Defendant for injuries claimed under the Alien Tort Claims and Torture Victim Protection Acts (28 U.S.C. § 1350 and note).  *Id.*, ¶ 8.  The Court entered the jury's verdict of $745,000,000.00 U.S.D. in favor of Plaintiffs by Judgment dated August 16, 2000.  *Id.*  A copy of the Judgment is attached hereto as Exhibit A to the Declaration of Liza M. Velazquez.  No appeal of the Judgment was taken by Defendant.  *Id.*

Defendant is currently incarcerated in The Hague, following his conviction by the International Criminal Tribunal for the Former Yugoslavia, and is serving a 40-year sentence for genocide, crimes against humanity, and violations of the laws of war.  Despite their efforts,

Plaintiffs continue to be stymied in the execution of their Judgment.  Plaintiffs seek now to renew their Judgment against Defendant to continue their efforts.

## ARGUMENT

This Court can grant the requested relief as it "retains jurisdiction over this action for all proceedings involving the registration and enforcement of this Judgment."  Judgment, Ex. A, ¶ 16; *see also Deflora Lake Dev. Assocs., Inc*. v. *Hyde Park*, No. 13-CV-4811, 2016 WL 7839191, at *1 (S.D.N.Y. June 9, 2016), *aff'd*, 689 F. App'x 93 (2d Cir. 2017) ("Federal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so.") (citing *Peacock* v. *Thomas*, 516 U.S. 349, 356 (1996)).

Under Federal Rule of Civil Procedure 69(a), state law applies to proceedings in aid of the execution of a federal court judgment, to the extent that no federal law applies (no such law applies here).[1]  *See Mitchell* v. *Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010) (in executing a judgment, "a judgment creditor may seek relief provided under state law through a motion made in the original federal action."); *Deflora Lake Dev. Assocs., Inc*., 2016 WL 7839191, at *1 (enforcing a federal judgment under New York state law).

Under New York law, money judgments are enforceable for twenty years and can be renewed for an additional twenty years.  *See* N.Y. C.P.L.R. §§ 211(b), 5014.  In federal court, renewal of a judgment under C.P.L.R. § 5014 is properly brought as a motion for summary judgment in the original action.  *See Levin* v. *Islamic Republic of Iran*, No. 18 CIV. 11576 (PAE), 2018 WL 10638333, at *1 n.1 (S.D.N.Y. Dec. 19, 2018) ("Summary judgment is the

---

[1] Fed. R. Civ. P. 69(a) provides that "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

appropriate mechanism for a plaintiff seeking a renewal judgment under N.Y. C.P.L.R. § 5014."); *Mitchell*, 727 F. Supp. at 121 (Rule 69(a) "does not require strict adherence to state procedural law, and . . . the judgment creditor may seek the relief provided under state law through a motion made in the original federal action.").

Plaintiffs can establish entitlement to renewal of their Judgment. Under C.P.L.R. § 5014(1), a plaintiff must make a *prima facie* showing of their entitlement to a renewal of their judgment by (1) offering evidentiary proof that the defendant is the judgment debtor, (2) that ten years have elapsed since the first docketing of the judgment, and (3) that no part of the judgment has ever been satisfied. *Edrich* v. *Festinger*, No. 12-CV-4069 (MKB), 2017 WL 3575238, at *8 (E.D.N.Y. Aug. 17, 2017) (collecting cases); *see also Levin*, 2018 WL 10638333, at *2 (granting renewal under N.Y. C.P.L.R. § 5014). Plaintiffs' Judgment was entered more than ten years ago, and Defendant, named in the Judgment, has not satisfied any part of the Judgment since that time—despite Plaintiffs' efforts. *See* Velazquez Decl. ¶ 11. Indeed, another Court in this District recently granted a motion to renew a judgment arising from substantially similar facts against this very defendant. *See Doe* v. *Karadzic*, Case No. 1:93-cv-00878 (LTS) (S.D.N.Y. Oct. 2, 2020). As in this case, the plaintiffs in *Doe* obtained a money judgment in 2000 against Defendant for violations of the Alien Tort Claims and Torture Victim Protection Acts and have been unable, over the intervening years, to execute their judgment. Plaintiffs respectfully submit that the same result is appropriate here.

Because all time limits under the C.P.L.R. have been tolled due to the COVID-19 pandemic, Plaintiffs' motion is timely. Executive Orders 202 and 202.8, signed by Governor Andrew M. Cuomo, have tolled all time limits under the C.P.L.R. since March 20, 2020. Specifically, Executive Order 202.8, as extended and modified by subsequent Executive Orders,

has "tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice laws and rules, . . . or by any statute, local law, ordinance, rule, or regulation."  Most recently, Executive Order 202.67, signed on October 4, 2020, by Governor Cuomo extended this suspension of time limits until November 3, 2020.  The Executive Orders, in broad, explicit, and unmistakable language, evince an intent to suspend all specific time limits within the C.P.L.R., including Section 211(b), which provides the twenty-year limitation period applicable here.  *Cf. New York State High Educ. Services Corp.* v. *Fabrizio*, 73 A.D. 3d 158 (N.Y. App. Div. 2010) (holding that Congress's "express and unmistakable" intent to "preempt all types of state limitations" applied to Section 211(b), notwithstanding that the provision "abolish[es] the right underlying the claim, rather than merely suspending the remedy.").

        New York courts have not yet interpreted Executive Order 202.8 and its progeny to determine whether the tolled time limits will run upon the expiration of the Executive Orders, or whether the number of days tolled will be added to the affected time limits.  *See*, *e.g.*, Siegel, New York Practice § 33 (6th ed.) (noting that the tolling under the Executive Orders "is likely an issue of first impression," but taking the view that, upon expiration, the number of days tolled will be added to time limits).  This motion is timely under either interpretation, as it is filed before the expiration of Executive Order 202.67 on November 3, 2020.[2]

---

[2] Even if this motion is decided after November 3, 2020, it is nonetheless timely.  The timeliness of a motion under C.P.L.R. § 5014 is determined by the date of commencement, not the date of decision upon the motion.  *See*, *e.g.*, *First Am. Title Ins. Co.* v. *Cohen*, 82 N.Y.S.3d 579, 580 (N.Y. App. Div. 2018) (action under Section 5014 was timely when filed before the expiration of the twenty-year period, but decided one month after the period expired).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Renew the Judgment should be granted, and an order should be entered renewing their judgment.

Dated: New York, New York
October 15, 2020

                                            PAUL, WEISS, RIFKIND, WHARTON &
                                              GARRISON LLP

                                            By:       /s/Liza M. Velazquez
                                                           Liza M. Velazquez

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
lvelazquez@paulweiss.com

-and-

Catharine A. MacKinnon
625 South State Street
Ann Arbor, Michigan 48109-1215
(313) 747-4046

*Attorneys for S. Kadic, on her own behalf and on behalf of her infant sons Benjamin and Ognjen, Internacionalna Zena Bosne I Hercegovine, Zene Bosne I. Hercegovine, Nusreta Sivac, S.A., on her own behalf and as administratrix of her mother's estate, J.J., N.S., S. Menkovic, and H. Harambasic*

5