```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| S. KADIC, on her own behalf and on behalf of her infant sons BENJAMIN and OGNJEN, INTERNACIONALNA ZENA BOSNE I HERCEGOVINE, ZENE BOSNE I. HERCEGOVINE, NUSRETA SIVAC, S.A. on her own behalf and as administratrix of her mother's estate, J.J., N.S., S. Menkovic, and H. Harambasic, <br><br>        Plaintiffs, <br><br>    -against- <br><br> RADOVAN KARADZIC, <br><br>        Defendant. | No. 93-CV-1163 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Plaintiffs' opposed motion [dkt. no. 113] to renew a judgment, pursuant to Federal Rule of Civil Procedure 69(a) and New York Civil Practice Law and Rules section 5014, against Defendant Radovan Karadzic. For the reasons below, Plaintiffs' motion is GRANTED.

    **I.   Background**

    On June 13, 2000, the Court entered a default judgment on liability for Plaintiffs regarding violations of the Alien Tort Claims Act ("ATS"), 28 U.S.C. § 1350, and the Torture Victim Protection Act ("TVPA"), 106 Stat. 73, note following 28 U.S.C. § 1350. (See dkt. no 69.) Following a ten-day trial, a jury awarded Plaintiffs $745 million in compensatory and punitive

damages for numerous human rights violations.  (See dkt. no. 90.)  The Court entered the jury's verdict by judgment on August 17, 2000 ("the Judgment").  (See id.)  Since the Judgment was entered, Plaintiffs have been unable, despite their efforts, to collect on it.  (See Declaration of Catharine A. MacKinnon, dated Nov. 3, 2020 [dkt. no. 118], at ¶¶ 5-11.)

## II.  Discussion

State law applies to proceedings in aid of the execution of a federal judgment when--like here--no specific federal law governs.  See FED. R. CIV. P. 69(a).  Under New York law, a money judgment is enforceable for twenty years, see N.Y. C.P.L.R. § 211(b), and it may be renewed if certain criteria are met, see id. § 5014.  To obtain relief under section 5014, Plaintiffs must show that "ten years have elapsed since the first docketing of the judgment."  Id.  Additionally, Plaintiffs must make a prima facie showing, by offering evidentiary proof, that (1) they are entitled to payment from the judgment debtor and (2) "no part of the judgment has ever been satisfied."  Edrich v. Festinger, No. 12-CV-4069 (MKB), 2017 WL 3575238, at *8 (E.D.N.Y. Aug. 17, 2017) (quoting Premier Capital, LLC v. Best Traders, Inc., 930 N.Y.S.2d 249, 251 (N.Y. App. Div. 2011)).

Plaintiffs have plainly made their prima facie case.  From the face of the Judgment, it is obvious that it was entered more than ten years ago, that Plaintiffs are the judgment creditors,

2

and that Karadzic is the judgment debtor.  Moreover, Karadzic does not dispute Plaintiffs' assertion that he has never satisfied any portion of the Judgment since it was entered.  All the required elements are satisfied, and, indeed, a separate judgment against Karadzic was recently renewed under nearly identical circumstances.  See Doe v. Karadzic, No. 93-CV-00878 (LTS), slip op. at 3 (S.D.N.Y. Oct. 2, 2020) (ECF No. 169).

Nevertheless, Karadzic offers two reasons why the Judgment should not be renewed: (1) Plaintiffs' motion is untimely because it was filed more than twenty years after the Judgment was entered, and (2) in light of the Supreme Court's decision in Kiobel v. Royal Dutch Petroleum Co., 569 U.S. 108 (2013), the Court lacked jurisdiction to enter the Judgment in the first place.  (See Opposition to Motion to Renew Judgment, dated Oct. 27, 2020 [dkt. no. 116].)  Neither contention is persuasive.

First, Karadzic's assertion that Plaintiffs' motion is untimely ignores controlling state law.  True, a twenty-year limitations period ordinarily governs when a money judgment expires.  See N.Y. C.P.L.R. § 211(b).  However, on March 20, 2020--before limitations had run as to the Judgment--New York Governor Andrew Cuomo issued an executive order tolling "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state,

3

including but not limited to . . . the civil practice law and rules."[1]  Subsequent executive orders extended the tolling through November 3, 2020.[2]  Therefore, although Plaintiffs' motion to renew normally would have become untimely as of August 16, 2020, the Court finds that the motion--filed on October 15, 2020, while the applicable limitations period remained tolled--was timely under New York law.[3]

Second, Karadzic's reliance on Kiobel is misplaced. Kiobel, 569 U.S. at 124, held that the ATS did not apply to violations of the law of nations occurring within the territory of a sovereign other than the United States.  Karadzic overlooks, however, that the Judgment was equally grounded on Plaintiffs' claims under the TVPA.  Because "the TVPA, unlike the ATS, has extraterritorial application," Chowdhury v. Worldtel Bangl. Holding, Ltd., 746 F.3d 42, 51 (2d Cir. 2014),

---

[1] N.Y. Exec. Order No. 202.8 (Mar. 20, 2020) (available at http://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf).

[2] See N.Y. Exec. Order 202.67 (Oct. 4, 2020) (available at https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202_67.pdf).

[3] The Court need not determine whether the tolled limitations period started to run immediately upon the Orders' expiration or whether the days tolled must be added to any affected limitations period.  Because Plaintiffs filed their motion before the November 3, 2020 expiration date, their motion would be timely in either case.

Kiobel provides Karadzic with no ground for relief, see Doe, No. 93-CV-00878 (LTS), slip op. at 2.

In sum, the Court concludes that Plaintiffs have established a prima facie claim for renewal of the Judgment, and Karadzic has not rebutted that showing.  Accordingly, Plaintiffs are entitled to the renewal they request.

### III. Conclusion

For the reasons above, Plaintiff's motion [dkt. no. 113] to renew the Judgment is GRANTED.  The Clerk of the Court shall (1) reopen this case, (2) reenter judgment in favor of Plaintiffs in the amounts set forth in the Court's August 17, 2000 Judgment, with statutory interest from August 17, 2000, pursuant to 28 U.S.C. § 1961, which judgment shall supersede, and thereby renew and extend, the Court's prior judgment, (3) mail a copy of this Order, together with the renewed judgment, to Radovan Karadzic, United Nations Detention Unit, Pompstationsweg 32, 2597JW The Hague, The Netherlands, and (4) close this case.

**SO ORDERED.**

Dated:  December 9, 2020
        New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.